Kutztown State College, Commonwealth of Pennsylvania, Department of Education, Petitioners *v.* Degler-Whiting, Incorporated, Commonwealth of Pennsylvania, Board of Claims, Respondents.

Argued May 11, 1983, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Wayne M. Richardson,* Regional Legal Counsel, for petitioners.

*Donald E. Hogeland,* for respondents.

OPINION BY JUDGE ROGERS, August 5, 1983:

Kutztown State College (college) and the Pennsylvania Department of Education, have appealed from an order of the Board of Claims (board) awarding the appellee, Degler-Whiting, Inc., $4,175.00 with interest, on account of the delivery and erection of a football scoreboard at the college in June, 1976.

The chronology of events is as follows:

*May 5, 1976*—Degler-Whiting obtained a purchase order signed by the college athletic director for a football scoreboard to be shipped to the college fieldhouse at Kutztown. The fol-

lowing notation appeared on the order: THIS SCOREBOARD IS TO BE BILLED TO KUTZTOWN STATE COLLEGE ALUMNI ASSOCIATION, INC. Degler-Whiting delivered the scoreboard in June, 1976, and thereafter erected it at the college football field.

*June 2, 1976*—Degler-Whiting billed the college $4,175.00 for "1 Football Scoreboard." It was not paid.

*November 19, 1976*—The Kutztown State College Alumni Association, Inc. filed a petition in bankruptcy in the United States District Court for the Eastern District of Pennsylvania. Degler-Whiting was named as an unsecured creditor by the alumni association.

*December 20, 1976*—The alumni association was adjudged bankrupt.

*May 16, 1977*—Degler-Whiting filed an action in assumpsit against Kutztown State College in the Berks County Court of Common Pleas for the cost of the scoreboard. Thereafter, Degler-Whiting filed a petition in the bankruptcy court for a declaration that the scoreboard was not an asset of the bankrupt estate of the alumni association.

*August 22, 1977*—The bankruptcy court concluded, *inter alia*, that:

(1) Neither the bankrupt corporation nor its successor trustee in bankruptcy had a legal interest, claim of ownership, or right to possession of the scoreboard;

(2) The scoreboard was not an asset of the bankrupt estate;

(3) Degler-Whiting shall have no claim against the bankrupt estate for the cost of the scoreboard; and

(4)   It would not make a determination as to the entitlement of payment by the college to Degler-Whiting in connection with the score-board transaction.

*March 5, 1979*—The Court of Common Pleas of Berks County transferred the Degler-Whiting complaint in assumpsit against the college to the Commonwealth Court of Pennsylvania.

*March 16, 1979*—The Commonwealth Court transferred the complaint to the Board of Claims, formerly the Board of Arbitration of Claims. The Board of Claims accepted the case as if filed with it on May 12, 1977[1]—the date on which Degler-Whiting filed its complaint against the college in the court of common pleas.

*August 21, 1979*—Degler-Whiting filed a petition to withdraw its claim with the Board of Claims. The board ordered that the claim be withdrawn without prejudice in order to permit Degler-Whiting to file its claim with the Fiscal Code Division of the board. Degler-Whiting then filed a claim with the board which the board accepted under what it termed its "Fiscal Code" jurisdiction. The college filed a preliminary objection to the board's jurisdiction asserting the untimeliness of Degler-Whiting's claim. The board overruled the objection.

*June 30, 1982*—The Board of Claims found that a contract existed between the college and Degler-Whiting respecting the sale and deliv-

---

[1] The Board of Claims treats the complaint in assumpsit as having been filed on May 12, 1977, and not on May 16, 1977, the date which appears on the docket sheet in the court of common pleas.

ery of the scoreboard and awarded Degler-Whiting $4,175.00 with interest.

## Discussion

The college contends that the board erred in assuming jurisdiction of the Degler-Whiting claim against the college because Section 6 of the Act of May 20, 1937, *as amended,* 72 P.S. §4651-6, effective when the scoreboard was billed on June 2, 1976, and when Degler-Whiting commenced its assumpsit action in May, 1977, provided that the board ''shall have no power and exercise no jurisdiction over a claim asserted against the Commonwealth unless the claim shall have been filed within six months after it accrued.'' Degler-Whiting responded that its suit treated by the Board of Claims as filed on May 12, 1977, the date of the filing of the complaint in assumpsit, was timely because it was filed within six months after the alumni association filed for bankruptcy on November 19, 1976. Its thesis is that the alumni association's filing for bankruptcy had the effect of suspending the statute of limitations with respect to Degler-Whiting's claim against the college. We will discuss this issue later.

The Board of Claims stated that it would entertain the claim treated as filed against the college with the board on May 12, 1977, despite the fact that the date was more than six months after the claim accrued (June 2, 1976) under its ''Fiscal Code jurisdiction,'' with no further explanation. Degler-Whiting makes no claim that the ''Fiscal Code jurisdiction'' of the Board of Claims permits it to assume jurisdiction over the Commonwealth with respect to this claim filed more than six months after it accrued. We will nevertheless address the board's assertion briefly.

Section 1003 of The Fiscal Code, Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §1003 provided

that the auditor general and state treasurer should continue to have the power to adjust and settle claims against the Commonwealth. The power thus continued was that vested in the auditor-general by Section 1 of the Act of March 30, 1811, P.L. 145 (5 Sm.L. 228). The auditor general and treasurer when acting in this capacity under The Fiscal Code came to be called the board of claims.[2] By the Act of May 20, 1937, P.L. 718, *as amended*, 72 P.S. §§4651-1—4651-10, there was created in the Department of the Auditor General the Board of Arbitration, later the Board of Arbitration of Claims, with jurisdiction to hear all claims against the Commonwealth arising from contracts entered into with the Commonwealth where the amount in controversy exceeded $300. The board of claims, consisting of the auditor general and treasurer, continued to have jurisdiction of claims on contracts of less than $300 and claims of other kinds.

The Act of October 5, 1978, P.L. 1104, amending the Act of May 20, 1937, created as an independent administrative board a Board of Claims and vested it with the jurisdiction formerly reposed in the Board of Arbitration of Claims over claims based on contracts exceeding $300 and with the jurisdiction of the old board of claims pursuant to the Act of March 30, 1811, and Section 1003 of The Fiscal Code. The same enactment repealed inconsistent provisions of Section 1003 of The Fiscal Code so that the old board of claims was effectively abolished.

Neither the Act of March 30, 1811, nor The Fiscal Code imposed time limitations on the age of claims against the Commonwealth which might be brought before the auditor general and treasurer acting as the old board of claims. We may speculate that the Board

---

[2] For an exposition of the powers of this "old" board of claims, the Act of 1811, and The Fiscal Code, *see Merchants' Warehouse Company v. Gelder*, 349 Pa. 1, 36 A.2d 444 (1944).

of Claims had this fact in mind when it decided in this case to entertain Degler-Whiting's claim filed more than a year after it accrued. This, of course, was error because the claim, being one made on a contract in excess of $300.00 was not a claim which was within the jurisdiction of the old board of claims under The Fiscal Code; it was a claim over which only the Board of Arbitration of Claims had jurisdiction. When it accrued on June 2, 1976, and when suit was filed on May 16, 1977, Section 4 of the Act of 1937, 72 P.S. §4651-4, provided that "the Board of Arbitration shall have jurisdiction to hear and determine all claims against the Commonwealth arising from contracts ... where the amount in controversy amounts to $300 or more"; and Section 6 of the same Act, 72 P.S. §4651-6, provided that the Board "should have no power and exercise no jurisdiction against the Commonwealth" unless the claim was filed within six months after it accrued. Therefore, the Board of Claims by transfer of the suit begun in Berks County did not receive this matter as a claim formerly cognizable by the old board of claims with no statute of limitations but as a claim against the Commonwealth which would have been within the jurisdiction of the Board of Arbitration of Claims had it been filed within six months from June 2, 1976. The claim not having been filed within six months from June 2, 1976, the Board of Arbitration of Claims would have had no jurisdiction over the Commonwealth on May 12 or 16, 1977, and of course could obtain none by the transfer.

As noted, Degler-Whiting concedes that it was first able to litigate its claim on June 2, 1976, the date of the first billing. It contends that because the alumni association filed its petition in bankruptcy on November 19, 1976, the six-month statute governing claims filed in the Board of Arbitration of Claims (and as well, claims filed in the Board of Claims cre-

ated by the Act of October 5, 1978) was suspended. It relies on 11 U.S.C. §661, and 11 U.S.C. §29(f) of the Bankruptcy Act of 1898 and on Rule of Bankruptcy Procedure 601(a), which, it contends has the effect of suspending the applicable statutes of limitations. 11 U.S.C. §661[3] is concerned with the suspension of statutes of limitations affecting claims and interests provable in proceedings for corporate reorganization and is not applicable here. Bankruptcy Rule 601(a)[4] provides that the filing of a petition in bankruptcy "shall operate as a stay of any act or the commencement or continuation of any court proceeding to enforce (1) a lien. . . ." No lien has here been filed against the property of a bankrupt. 11 U.S.C. §29(f)[5] provides in pertinent part:

> The operation of any statute of limitations of the United States or of any State, affecting the debts of a bankrupt provable under this title, shall be suspended from the date of the filing of the petition in bankruptcy. . . .

---

[3] 11 U.S.C. §661 provided:

All statutes of limitations affecting claims and interests provable under this chapter [corporate reorganizations] and the running of all periods of time prescribed by this title in respect to the commission of acts of bankruptcy, the recovery of preferences, and the avoidance of liens and transfers shall be suspended while a proceeding under this chapter is pending and until it is finally dismissed.

[4] Bankruptcy Rule 601(a) provides:

(a) Stay Against Lien Enforcement. The filing of a petition shall operate as a stay of any act or the commencement or continuation of any court proceeding to enforce (1) a lien against property in the custody of the bankruptcy court, or (2) a lien against the property of the bankrupt obtained within 4 months before bankruptcy by attachment, judgment, levy, or other legal or equitable process or proceedings.

[5] 11 U.S.C. §29(f) can now be found in the 1978 Bankruptcy Code at 11 U.S.C. §108(c).

A bankrupt is defined in 11 U.S.C. §1(4)[6] as:

> a person against whom an involuntary petition or an application to revoke a discharge has been filed, or who has filed a voluntary petition, or who has been adjudged a bankrupt;

The bankrupt in this case was the alumni association, not the college.

The award entered in favor of Degler-Whiting, Incorporated and against the Commonwealth petitioners herein is vacated; and the record is remanded to the Board of Claims with direction to enter judgment in favor of the petitioners and against Degler-Whiting, Incorporated. Jurisdiction is relinquished.

### ORDER

AND Now, this 5th day of August, 1983, the award entered by the Board of Claims in favor of Degler-Whiting, Incorporated and against the Commonwealth petitioners herein is vacated; and the record is remanded to the Board of Claims with direction to enter judgment in favor of the petitioners herein and against Degler-Whiting, Incorporated. Jurisdiction is relinquished.

---

[6] 11 U.S.C. §1(4) can now be found in the 1978 Bankruptcy Code at 11 U.S.C. §101(12).